**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-60999-CV-ALTMAN**

**CRAIG CROSS**,

    *Petitioner*,

vs.

**FLORIDA DEPARTMENT OF CORRECTIONS** *and* **MARK S. INCH**,

    *Respondents*.

_____/

**ORDER**

Craig Cross, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. *See* Petition [ECF No. 1]. The Court referred the Petition to Magistrate Judge Lisette M. Reid, *see* [ECF No. 12], who recommended that it be dismissed for lack of subject-matter jurisdiction, *see* Report and Recommendation (the "Report") [ECF No. 15]. In that Report, Magistrate Judge Reid concluded both that the Petition was a "second or successive" challenge to a Florida state-court conviction—which Mr. Cross had already attacked (unsuccessfully) in an earlier federal habeas petition—and that Mr. Cross had failed to seek the necessary preauthorization from the Eleventh Circuit to proceed in this Court. *See id.* at 1–2. Having reviewed the record and the governing law, the Court now **ADOPTS** the Report[1] and **DISMISSES** the Petition for lack of subject-matter jurisdiction.

---

[1] (with certain caveats, emendations, and supplementation, *see infra*).

## THE HISTORY

In 1994, Mr. Cross filed a habeas petition in this Court challenging his first-degree murder conviction, entered on June 15, 1984, in the State Circuit Court in and for Broward County, Florida. *See* Petition for Writ of Habeas Corpus ("1994 Habeas Petition"), *Cross v. Sec'y, Fla. Dep't of Corr.*, No. 94-cv-06354-WJZ (S.D. Fla. Apr. 20, 1994), ECF No. 1. In that 1994 Habeas Petition, he raised only one claim: that "[t]he trial court erred in denying [his] motion to strike the jury panel after [the] prosecutor selectively challenged prospective black jurors *solely* on the basis of their race." *Id.* at 4. The then-assigned magistrate judge recommended that this first petition be denied on the merits. *See* Report and Recommendation (the "1994 Report"), *Cross v. Sec'y, Fla. Dep't of Corr.*, No. 94-cv-06354-WJZ (S.D. Fla. Apr. 20, 1994), ECF No. 8.[2] When Mr. Cross did not object to the 1994 Report, the district court adopted it and dismissed his 1994 Habeas Petition. *See* Final Order of Dismissal, *Cross v. Sec'y, Fla. Dep't of Corr.*, No. 94-cv-06354-WJZ (S.D. Fla. Apr. 20, 1994), ECF No. 9.

Fast forward to 2020. Mr. Cross has returned to federal court to challenge the same June 15, 1984 judgment, entered in Case No. 83-12801-CF. *See* Petition at 1–2.[3] This time, he advances four attacks on his sentence. *First*, he says that his "Florida juvenile life sentence [ ] with parole eligibility" violates the Eighth and Fourteenth Amendments. *Id.* at 9. *Second*, he derides as a "[m]anifest injustice" the Florida courts' denial of two Rule 3.850 motions he filed in 2015 and

---

[2] Although, in his first petition, Mr. Cross referred to his June 15, 1984 first-degree murder conviction as "Case No. 84-1559," *see* 1994 Habeas Petition, the magistrate judge correctly called it "Case No. 83-12801-CF," *see generally* 1994 Report. In using the "84-1559" number, Mr. Cross was (apparently) referring to the docket number for his direct appeal. *See Cross v. State*, 467 So. 2d 1012 (Fla. 4th DCA 1985) (designated as Case No. 84-1559).

[3] Mr. Cross originally filed this Petition in the Northern District of Florida, but that court transferred it to this District because this is where Mr. Cross was convicted. *See* Order Transferring Case [ECF No. 10].

2017. *Id.* at 11. *Third*, he argues that his was an "[i]llegal sentence" because, under "the pre-1994 statute," the sentence was "virtually guaranteed to be just as lengthy or the practical equivalent of a life sentence without the possibility of parole." *Id.* at 13. *Fourth*, he claims that it was a "[m]iscarriage of justice" for the state court to sentence a juvenile to a life sentence without parole. *Id.* at 15.

Magistrate Judge Reid concluded that the Petition is "second or successive" because it "attack[s] the same state court conviction" Mr. Cross challenged in the 1994 Habeas Petition. *See generally* Report. And, since Mr. Cross never sought—or obtained—preauthorization from the Eleventh Circuit, Magistrate Judge Reid said, this Court lacks subject-matter jurisdiction over this case. *Id.* Although Mr. Cross filed a timely "objection" to the Report, he doesn't really *object* (legally or factually) to any part of it. *See generally* Objection [ECF No. 16]. Instead, he simply asks the Court to "stay proceeding[s]" until the Eleventh Circuit "grants authorization[ ] in this case." *Id.* at 1.

## The Law

"Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). The Court must conduct a *de novo* review of any part of the Report that has been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (providing that the district court "shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made"). Portions of a report and recommendation to which no objection has been raised, however, are reviewed for clear error. *See Lombardo v. United States*, 222 F. Supp. 2d 1367, 1369 (S.D. Fla. 2002); *see also Macort. v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) ("[I]n the absence of a timely filed objection, a district court need not conduct

a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (internal quotation marks and citations omitted)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## ANALYSIS

The Court is satisfied that the Report was not clearly erroneous, and that all four of Mr. Cross's claims were "second or successive" challenges to his June 15, 1984 first-degree murder conviction (in Case No. 83-12801-CF). Because Mr. Cross sought to file another habeas petition challenging that same judgment, he was required to "move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." 28 U.S.C. § 2244(b)(3)(A).[4] But he concedes that he did not obtain preauthorization from the Eleventh Circuit—and so, this Court lacks jurisdiction to entertain his claims. *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020) ("Absent authorization from [the Eleventh Circuit], the district court lacks jurisdiction to consider a second or successive habeas petition.").

The Eleventh Circuit has, however, instructed district courts to "look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). And Mr. Cross certainly could have constructed his claims, not as challenges to his underlying first-degree murder sentence, but as either (1) attacks against the Florida Parole Commission's decisions or (2) assertions to some right to resentencing under Florida law. Mr.

---

[4] For our purposes, it does not matter that Mr. Cross now challenges his sentence, whereas, in the 1994 Habeas Petition, he attacked his conviction. "Whether a petition is second or successive depends on the *judgment* challenged," and "[t]he conviction and sentence together make up the criminal judgment." *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020) (internal quotation marks and citations omitted).

Cross does, after all, cite to the fact that, after parole hearings in 2005, 2012, and 2019, his parole was extended to 2097. *See* Petition at 9, 13. And, by mentioning "Fla. 2014-220," *id.* at 9, he may be suggesting—although he does not say so—that he's entitled, under Florida law, to a review of his sentence, which (he says) was imposed for a crime he committed when he was a juvenile. *See* Petition at 15.[5] In either scenario, one could argue, his Petition would not be "second or successive."

But the Court cannot act as Mr. Cross's lawyer—rewriting his Petition to include either (1) challenges to the results of his parole hearings or (2) requests for relief under a state statute. *See Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 716 n.3 (11th Cir. 2011) (per curiam) (noting that courts do not have "license to serve as *de facto* counsel or to rewrite an otherwise deficient pleading in order to sustain an action."); *cf. Castro v. United States*, 540 U.S. 375, 386–88 (2003) (Scalia, J., concurring) (reminding courts not to *recharacterize* habeas petitions since "even fully informed district courts that try their best not to harm *pro se* litigants by recharacterizing may nonetheless end up doing so because they cannot predict and protect against every possible adverse effect that may flow from recharacterization").

Mr. Cross here claims only that "Florida juvenile sentences with parole eligibility violate[ ] the Eighth and Fourteenth Amendments," that he received an "illegal sentence," and that he suffered both a "manifest injustice" and a "miscarriage of justice" *when he was sentenced*. *See* Petition at 9, 13. Notably, he cites his parole hearings as "supporting facts" for *only* two of those four claims. *See id*. As redress, he asks, not for a new parole hearing, but for his "sentence to be

---

[5]   *Cf. Ruiz v. Florida*, 2019 WL 4418996, at *2 (N.D. Fla. Aug. 16, 2019), *report and recommendation adopted*, 2019 WL 4417482 (N.D. Fla. Sept. 16, 2019) (explaining that Florida law permits state courts to "review and reduce the sentences of individuals who committed certain crimes before they turned 18 years old after they have served a portion of their sentence." (citing FLA. STAT. § 921.1402 and *Martinez v. State*, 256 So. 3d 897, 898 (Fla. 4th DCA 2018))).

vacated and remanded to lower courts to be resentenced." *Id.* at 19. Mr. Cross, in sum, is challenging the constitutionality of his *underlying* sentence—something he could have done in his 1994 Habeas Petition. Indeed, Mr. Cross admits that he raised his first and third claims in his direct appeal in state court. *See id.* at 9, 13. The Petition is thus "second or successive"—and this Court lacks jurisdiction to consider it.[6]

---

[6] Even if Mr. Cross did intend to challenge the results of the parole decisions—or to ask for another parole hearing (or even a resentencing *under state law*)—his claims would (for three reasons) fail on the merits.

*First*, if Mr. Cross had claimed that he was wrongfully *denied* a parole hearing, this Court would have had to dismiss that claim because it would be cognizable only under 42 U.S.C. § 1983. *See Kerlin v. Barnard*, 742 F. App'x 488 (11th Cir. 2018) (per curiam) (affirming the dismissal of a parole challenge brought under § 2241 because "[w]e agree with the district court that [the petitioner's] claim—that Georgia officials refused to determine his parole eligibility—is only cognizable under § 1983").

*Second*, if he were contending that his confinement was illegally premised on some unconstitutional *parole* decision, that claim might be cognizable as a habeas petition under §§ 2241 and 2254. *See Thomas v. Crosby*, 371 F.3d 782, 784–87 (11th Cir. 2004) (concluding that a habeas petition, raising claims of "due process and equal protection" about the Florida Parole Commission's decision on the petitioner's "presumptive parole release date," was governed by both §§ 2241 and 2254). And such a recharacterized petition would not necessarily be "second or successive" to the 1994 Habeas Petition, as it would be his first challenge to these parole decisions (which occurred after 1994). *See Restucci v. Bender*, 599 F.3d 8, 10 (1st Cir. 2010) (per curiam) (noting that a claim premised on the wrongful denial of parole is not "second or successive" where the prisoner didn't have the opportunity to challenge the denial in a prior § 2254 petition). But that claim would (still) fail because there is "no federal constitutional right to parole," and "Florida's parole statutes do not create a liberty interest because the Florida Parole Commission retains discretion over whether to grant or deny parole." *Harrell v. Fla. Parole Comm'n*, 479 F. App'x 234, 236 (11th Cir. 2012) (per curiam) (citing *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 931–32 (11th Cir. 1986)). And Mr. Cross has never come close to suggesting that the Commission acted in some "flagrant or unauthorized" way towards him—nor has he claimed that it ever treated him (or the process) "arbitrarily and capriciously," such that he may be entitled to relief on the merits. *See Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991) ("[B]y relying on the false information in [the plaintiff's] file, the Board has exceeded its authority. . . and treated [him] arbitrarily and capriciously in violation of due process."); *see also Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982) ("[A]bsent flagrant or unauthorized action by a parole board[,] the discretionary power vested in a parole board will not be interfered with by the Federal courts.").

*Third*, if Mr. Cross intended to base one (or all) of his claims on the interpretation or application of Florida's juvenile resentencing law, *see* Fla. Stat. § 921.1402, rather than on a federal constitutional right, then those claims would fail too. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("[A] habeas petition grounded on issues of state law provides no basis for

One final thing: Because the Court lacks jurisdiction over the Petition, it declines to stay this case pending preauthorization from the Eleventh Circuit. Several district courts in this Circuit have likewise refused to stay habeas actions in similar circumstances, concluding that they lacked jurisdiction to do so. *See, e.g.*, *Andrews v. United States*, 2017 WL 5558405, at *2 (M.D. Ga. Feb. 28, 2017), *report and recommendation adopted*, 2017 WL 5558406 (M.D. Ga. Apr. 5, 2017) (collecting cases and explaining that, "[b]ecause this Court lacks jurisdiction to consider Petitioner's second or successive motion, the Court is without authority to stay the matter").[7]

\*\*\*

Because the Petitioner has filed a "second or successive" petition without preauthorization from the Eleventh Circuit, the Court lacks subject-matter jurisdiction to consider his claims. Accordingly, the Court **ADOPTS** the Report [ECF No. 15] and **DISMISSES the Petition without prejudice**.

---

habeas relief."); *Branton v. Sec'y, Fla. Dep't of Corr.*, 796 F. App'x 635, 638 (11th Cir. 2019) (per curiam) (explaining that the petitioner "has articulated no cognizable claim for federal habeas corpus relief because the federal courts are limited to correcting errors of federal law, and [the petitioner] never brought a federal claim"). On the other hand, if he were citing Florida law as a roundabout way to advance a claim under *Miller v. Alabama*, 567 U.S. 460 (2012), his Petition would be nothing more than what it already is: a "second or successive" challenge to the *constitutionality* of his original sentence. *Miller*, after all, held that a sentence of "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Id.* at 465. And, of course, that case would be of no help to Mr. Cross anyway because he admits that he was sentenced to life *with* the possibility of parole. *See* Petition at 9.

[7] At least one out-of-circuit court has come to the opposite conclusion, interpreting § 2244(b) as permitting a stay pending preauthorization so that the petitioner's claim would not be barred by the one-year statute of limitations set out in § 2244(d). *See Young v. Timmerman-Cooper*, 2009 WL 3233717, at *1 (S.D. Ohio Oct. 2, 2009) ("While a district court lacks jurisdiction to consider a second or successive petition without approval by the circuit court, it would not seem to offend that ruling to allow the petition to remain on file for whatever importance that might have under the statute of limitations." (internal citation omitted)). But, because the relevant statutory provision requires a successive petitioner to obtain preauthorization from the circuit court before the petition "is *filed* in the district court," § 2244(b)(3)(A) (emphasis added), this Court agrees with those courts in *this* Circuit that have refused to stay their cases in similar circumstances.

For similar reasons, the Court also lacks authority to issue a certificate of appealability. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) ("Without [successive] authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.").

The Clerk of Court shall **CLOSE** this case. All pending motions are **DENIED as moot**. Any demands for an evidentiary hearing are **DENIED**, and all pending deadlines and hearings are **TERMINATED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 21st day of December 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Craig Cross
      083510
      Apalachee Correctional Institution East
      Inmate Mail/Parcels
      35 Apalachee Drive
      Sneads, FL 32460
      PRO SE

      Noticing 2254 SAG Broward and North
      Email: CrimAppWPB@MyFloridaLegal.com